1   BRAMSON, PLUTZIK, MAHLER &
    BIRKHAEUSER, LLP
2   Alan R. Plutzik (Bar No. 077785)
    Robert M. Bramson (Bar No. 102006)
3   L. Timothy Fisher (Bar No. 191626)
    2125 Oak Grove Road, Suite 120
4   Walnut Creek, California 94598
    Telephone: (925) 945-0200
5   Facsimile: (925) 945-8792

6   SCHIFFRIN BARROWAY TOPAZ
    & KESSLER, LLP
7   Eric Zagar (Bar No. 250519)
    Robin Winchester
8   J. Daniel Albert
    280 King of Prussia Road
9   Radnor, PA 19087
    Telephone: (610) 667-7706
10  Facsimile: (61)) 667-7056

11  Attorneys for Plaintiff Robert Carlson

12  Additional Counsel Listed on Signature Page

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
Boris Feldman (Bar No. 128838)
Peri Nielsen (Bar No. 196781)
Gwen C. Parker (Bar No. 228780)
Freeda Y. Lugo (Bar No. 244913)
650 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5500

Attorneys for Defendants Thinh Q. Tran,
Silvio Perich, Q. Binh Trinh,
Jacques Martinella, Prem Talreja,
William K. Wong, Kit Tsui, Kenneth A. Lowe,
Julien Nguyen, William J. Almon,
Lung C. Tsai and Nominal Defendant
Sigma Designs, Inc.

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15                  SAN JOSE DIVISION

16  IN RE SIGMA DESIGNS, INC. DERIVATIVE      Master File No. C06-4460-RMW
    LITIGATION,
17                                            **MEMORANDUM OF POINTS AND**
                                              **AUTHORITIES IN SUPPORT OF**
18  This Document Relates To:                 **THE PARTIES' JOINT MOTION**
                                              **FOR PRELIMINARY APPROVAL OF**
19  ALL ACTIONS.                              **SETTLEMENT**

20                                            **Date:      June 6, 2008**
                                              **Time:      9:00 a.m.**
21                                            **Location:  Courtroom 6, 4th Floor**
                                              **Hon. Ronald M. Whyte**
22

23          This memorandum of law is respectfully submitted by Plaintiff, Robert Carlson,

24  ("Plaintiff"), nominal defendant Sigma Designs, Inc. ("Sigma" or the "Company") and individual

25  defendants Thinh Q. Tran, William J. Almon, Julien Nguyen, Lung C. Tsai, Silvio Perich, Q. Binh

26  Trinh, Jacques Martinella, Prem Talreja, William K. Wong, Kit Tsui and Kenneth A. Lowe

27  (collectively, the "Individual Defendants" and, together with Plaintiff and Sigma, the "Parties") in

28

1  support of the Parties' Joint Motion for Preliminary Approval of Settlement (the "Motion")

2  pursuant to Rule 23.1 of the Federal Rules of Civil Procedure.[1]

3  ## I.    INTRODUCTION

4  This Action alleged breaches of fiduciary duties, unjust enrichment and certain violations of

5  law in connection with an alleged backdating scheme of stock option grants at Sigma.  The Action

6  seeks on behalf of the Company, among other things, damages, equitable relief, rescission,

7  restitution and costs and disbursements of the lawsuit.  The Parties have agreed on a settlement of

8  all claims alleged against the Defendants.

9  This Settlement is the result of protracted and arm's-length negotiations between the Parties

10 which extended over the course of nearly a year.  The Settlement provides substantial benefits to

11 Sigma, the company on whose behalf this derivative action was brought.  For example, Individual

12 Defendant Thinh Q. Tran has agreed that 100,000 shares of the Company's common stock granted

13 to him on January 25, 2008 will be cancelled.  Moreover, the Company's insurance carrier,

14 Admiral Insurance Company, will pay to Sigma $2 million in consideration of a claim release.

15 Second, Sigma's Board of Directors (the "Board") has adopted or will adopt significant and

16 beneficial corporate governance changes.  These changes are specifically designed to strengthen

17 Sigma's internal controls with respect to granting and accounting for stock options.   The corporate

18 governance changes provided for by the Settlement are designed to address the weaknesses in

19 internal controls that led to Sigma's adjustment of its financial results announced in the Company's

20 Form 10-K filed with the Securities and Exchange Commission ("SEC") on April 20, 2007

21 following the completion of the internal investigation of the Company's historical option practices,

22 and are also expected to yield positive changes in many areas, improve corporate governance of the

23 Company and increase shareholder value.

24

25

---

26 [1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized
terms used in this Joint Motion for Preliminary Approval of Proposed Settlement (the "Joint
27 Motion") shall have the meanings and/or definitions given in the Stipulation of Settlement dated
May 28, 2008, (the "Stipulation") entered into by and between the Parties, the original of which is
28 attached to this Joint Motion as Exhibit A.

1    The Settlement has produced real and substantial benefits for Sigma and its shareholders.

2    The Settlement constitutes an excellent resolution of a case of substantial complexity and is

3    eminently fair, reasonable and adequate to Sigma and its shareholders such that the Settlement

4    should be preliminarily approved by this Court.

5    The purposes and intent of all Parties in entering into the Stipulation are that, subject to the

6    final approval of the Court, (i) the Action and the Released Claims shall be finally and fully

7    compromised, settled, and released; and (ii) the Action shall be dismissed with prejudice, as to all

8    Parties, upon and subject to the terms and conditions of the Stipulation.  In accordance with the

9    provisions of the Stipulation, the Parties hereby move the Court for preliminary approval of the

10   Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and request that this

11   Court schedule a final Settlement Hearing, at which time Plaintiffs will seek final approval of the

12   terms of the Settlement as fair, reasonable, and adequate.

13   The Parties ask the Court to enter the [Proposed] Order Preliminarily Approving Settlement

14   and Notice ("Preliminary Approval Order"), (a) granting preliminary approval of the Settlement,

15   (b) directing that notice be given to Current Sigma Shareholders, and (c) scheduling a hearing at

16   which the Court will consider final approval of the Settlement ("Final Settlement Hearing") and

17   Plaintiffs' Counsel's Fee and Expense Award.  In determining whether preliminary approval is

18   warranted, the issue before the Court is whether the proposed settlement is within a range of what

19   might be found to be fair, reasonable, and adequate, such that notice of the proposed settlement

20   should be provided to Sigma shareholders and the Final Settlement Hearing scheduled.

21   ## II.    FACTS AND PROCEDURAL HISTORY

22   The Action was commenced on July 20, 2006 when plaintiff Joel Mandel, after research

23   and investigation, by and through his counsel Schiffrin Barroway Topaz & Kessler, LLP, filed in

24   the United States District Court for the Northern District of California a shareholder derivative

25   complaint captioned *Mandel v. Tran*, et al., 06-C-4460, against certain current and former directors

26   and officers of Sigma for, *inter alia*, allegedly granting backdated stock options and issuing false

27   and misleading financial statements.

28

1    On July 26, 2006, after the filing of the complaint by plaintiff Mandel, Sigma announced

2    that it had commenced an internal review relating to the past stock option grants, the timing of such

3    grants and related accounting matters.

4    On October 4, 2006, an action similar to the *Mandel* action was filed in the Court captioned

5    *Carlson v. Tran, et al.*, Case No. 06-C-06251.  On October 18, 2006, the Court consolidated the

6    *Mandel* and *Carlson* cases under the caption *In re Sigma Designs, Inc. Derivative Litigation*, Case

7    No. 06-C-4460, ("the Action"), appointed Mandel and Carlson as lead plaintiffs, and appointed

8    Schiffrin Barroway Topaz & Kessler, LLP as lead counsel.

9    The Action seeks relief based on federal claims for violations of §§ 10(b), 14(a) and 20(a)

10   of the Securities Exchange Act, and state law claims for accounting, breach of fiduciary duty

11   and/or aiding and abetting, unjust enrichment, rescission and violations of the California

12   Corporations Code in connection with insiders' sales of Sigma common stock.  The Action was

13   brought by shareholders of Sigma on behalf of Nominal Defendant Sigma against the Individual

14   Defendants and alleges that from 1994 to 2005, stock options grants to officers and directors of the

15   Company were "backdated," i.e., selected with the benefit of hindsight.

16   This Settlement is the result of protracted and arm's-length negotiations between the Parties

17   which extended over the course of nearly a year.  After several in-person and numerous telephonic

18   discussions and the production of non-public documents to the Plaintiff by Nominal Defendant, on

19   April 10, 2007, Plaintiff sent a settlement demand letter requesting both monetary relief and

20   significant corporate governance therapeutic relief.  Over the course of the next few months, the

21   Parties conferred on numerous occasions to negotiate the terms of the proposed Settlement.  On

22   August 13, 2007, plaintiff Carlson filed an Amended Consolidated Shareholder Derivative

23   Complaint and on September 19, 2007, Defendants filed Motions to Dismiss the Plaintiff's

24   Amended Consolidated Complaint.  On October 19, 2007, plaintiff Carlson filed Oppositions to the

25   Motions to Dismiss.

26   In or around January 2008, Plaintiff's Counsel and Defendants' Counsel resumed

27   settlement negotiations.  As a result of these extensive arm's-length negotiations, the Parties

28

1    reached an agreement in principle providing for the proposed settlement of the Action (the

2    "Settlement") on the terms and conditions set forth in a Memorandum of Understanding ("MOU"),

3    and, ultimately, the Stipulation.

4    **III.    THE SETTLEMENT**

5    As detailed above, Plaintiff and his counsel have diligently prosecuted this Action and, as a

6    direct result of the prosecution of the litigation and negotiations with the Individual Defendants and

7    Sigma, the Parties have reached an agreement for the Settlement of the Action as embodied in the

8    Stipulation.  The terms of the Settlement are set forth in the Stipulation, attached to the Motion as

9    Exhibit A.

10    As detailed in the Stipulation, defendant Thinh Q. Tran, the Company's Chief Executive

11    Officer, has agreed to cancel 100,000 shares of the Company's common stock granted to him on

12    January 25, 2008.  In addition, the Company's insurance carrier Admiral Insurance Company will

13    pay to Sigma $2 million in consideration of a claim release.

14    Further, the Settlement provides for significant corporate governance measures including,

15    but not limited to the following: (a) the adoption of improved processes with respect to the granting

16    of future stock options awards at the Company; (b) the establishment, under the direction of the

17    Chief Financial Officer ("CFO") of cross-functional training for personnel in all areas associated

18    with the stock option granting process covering (i) stock option and other equity award programs

19    and related improvements to equity compensation controls, processes and procedures, (ii)

20    accounting implications of equity award grants, and (iii) legal and tax implications of equity award

21    grants; (c)  the adoption of practices relating to the Audit and Compensation Committees; and (d)

22    Sigma has appointed a new CFO with over twenty-five years of experience as a finance

23    professional.

24    The numerous corporate governance changes provided for by the Settlement, several of

25    which are outlined above, are designed both to address and prevent weaknesses in internal controls

26    relating to the Company's stock option granting processes.  In addition, the corporate governance

27    changes are also expected to yield positive changes in many areas, with a focus on Sigma's policies

28

and procedures regarding the granting of options and other compensation.  Sigma agrees that the

Settlement of the Action and the corporate governance practices specified in the Stipulation

provide a substantial benefit to Sigma and its shareholders, and acknowledges that the Action was a

substantial and material causal factor in implementing and adopting the corporate governance

measures and securing the monetary relief set forth in the Stipulation.  The Settlement was

negotiated at arm's-length in good faith by the Parties, and reflects an agreement that was reached

voluntarily after consultation with competent legal counsel.

### IV.    ARGUMENT

### A.    The Proposed Settlement Warrants Preliminary Approval

Preliminary approval is the first of three steps that comprise the approval procedure for

settlement of a shareholders' derivative action.  *See* Manual for Complex Litigation, § 13.14 (4th

ed. 2004).  The second step is the dissemination of notice of the settlement to all shareholders.  *Id.*

The third step is a settlement approval hearing.  *Id.*  As stated in the Manual for Complex

Litigation, §13.14, at 173 (4th ed. 2004), "[f]irst, the judge reviews the [proposed settlement]

preliminarily to determine whether it is sufficient to warrant public notice and a hearing."  The

preliminary approval criteria are as follows:

> If the preliminary evaluation of the proposed settlement does not disclose grounds to doubt
> its fairness or other obvious deficiencies … and appears to fall within the range of possible
> approval, the court should direct that notice … be given to the class members of a formal fairness
> hearing, at which arguments and evidence may be presented in support of and in opposition to the
> settlement.

Manual for Complex Litigation, §30.41, at 237 (3d ed. 1995) (emphasis added).

Preliminary approval is merely the prerequisite to giving notice so that the proposed Settlement

may be submitted to the Company's shareholders for their acceptance or rejection.  *See*

*Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp.*, 323 F. Supp.

364, 372 (E.D. Pa. 1970).  There is an initial presumption of fairness when a proposed settlement

that was negotiated at arm's-length by counsel for the parties, is presented for court approval.  2 H.

1   Newberg & A. Conte, Newberg on Class Actions, § 11.41 (3rd ed. 1992).  Moreover, settlements

2   of shareholder derivative litigation are "particularly favored" and are not to be lightly rejected by

3   the courts.  *See Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983); *Principe v. Ukropina*,

4   47 F.3d 373, 378 (9th Cir. 1995) ("we have a 'strong judicial policy that favors settlements'")

5   (citations omitted).

6       Importantly, preliminary approval does not require the trial court to answer the ultimate

7   question – whether a proposed settlement is fair, reasonable and adequate. *See*, Manual for

8   Complex Litigation, §13.14 ("First, the court reviews the proposal preliminarily to determine

9   whether it is sufficient to warrant public notice and a hearing.  If so, the final decision on approval

10  is made after the hearing.").  Rather, that determination is made only after notice of the settlement

11  has been given to shareholders and after they have been given the opportunity to comment on the

12  settlement.  *See* 5 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE 23.83[1], at 23-

13  336.2 to 23-339 (3d ed. 2002).

14      The Settlement offers the Company's shareholders the benefit of substantial, immediate,

15  and lasting corporate governance changes, not to mention significant monetary relief.  The

16  Settlement provides for improvements to the Company's equity granting practices, disclosure

17  obligations, and oversight.  The Settlement was negotiated at arm's-length in good faith by the

18  Parties, and reflects an agreement that was reached voluntarily after consultation with competent

19  legal counsel.

20      The Parties suggest that among the factors favoring settlement on the terms proposed in the

21  Stipulation are:

22      a.      the uncertainty of the legal issues underlying the allegations in the Action;

23      b.      the assurance that Sigma's shareholders will obtain benefits of the Settlement

24  regardless of the outcome of further litigation;

25      c.      the economy of costs/exposure reduction for the benefit of the Parties;

26      d.      the costs, burden and distraction of continued litigation; and

27

28

1        e.    the prevailing consideration in all compromises and settlements that the Parties

2    weigh the advantages and benefits of settlement against the risks of loss.

3        Plaintiffs further represent to the Court that, while the Defendants have denied, and

4    continue to deny, the allegations in the Action, the Settlement and the consideration therefore are

5    fair, reasonable, and adequate, considering:

6        a.    the complexity, expense, and potential duration of the litigation with respect to the

7    further participation of the Parties;

8        b.    the procedural posture of the proceedings; and

9        c.    the immediate benefits to the shareholders of Sigma arising out of the Settlement.

10       Plaintiff's Counsel represent to the Court that, in their opinion, the Settlement, as proposed,

11   is fair, reasonable, and adequate, especially in view of the uncertainties and vagaries of further

12   litigation with the Defendants, the immediate benefits obtained for the shareholders of Sigma and

13   the nature of the relief sought.  The Parties now seek this Court's preliminary approval of the

14   Settlement, in accordance with the Stipulation which, together with the Exhibits annexed thereto,

15   sets forth the terms and conditions for a proposed settlement of the litigation and for dismissal of

16   the litigation with prejudice upon the terms and conditions set forth therein.

17       Because the proposed settlement falls "within the range of possible approval," it should be

18   preliminarily approved by the Court.  Manual for Complex Litigation, §30.41, at 237 (3d Ed.

19   1995).

20       **V.    PROPOSED SCHEDULE**

21       In accordance with the provisions of the Stipulation, the Parties present for the approval of

22   the Court the following proposed plan:

23       a.    Following the Court's determination that the Settlement is preliminarily approved,

24   Notice to all members of record of Sigma, in the form attached hereto as Exhibit B, shall be

25   disseminated in accordance with the terms contained in the Stipulation, informing Current Sigma

26   Shareholders of their right to object to the terms of the proposed Settlement and to be heard on

27

28

1   their objections in the Settlement Hearing to be conducted at a prescribed time and place and in a

2   prescribed manner.

3           b.      The Settlement Hearing shall be conducted in such manner as to assure full

4   compliance with applicable considerations of due process of law and the provisions of the Federal

5   Rules of Civil Procedure. The Settlement Hearing shall be conducted in such manner as to assure

6   full compliance with applicable considerations of due process of law.

7           To assure that the shareholders of Sigma are fully informed of (a) the proposed Settlement;

8   (b) their rights to review the proposed Settlement documents; (c) their right to object to the

9   proposed Settlement; and (d) the means whereby they may make their objections and be heard

10  thereon at the Settlement Hearing to be held by the Court at a designated time and place, the Parties

11  suggest that the Notice be approved by the Court and ordered disseminated to Sigma shareholders,

12  as provided in the Preliminary Approval Order, in accordance with due process, the laws of

13  California and Rule 23.1 of the Federal Rules of Civil Procedure.  In accordance with the terms of

14  the Preliminary Approval Order, Sigma shall be responsible for disseminating the Notice.

15          To facilitate the proposed Settlement and in the interests of judicial economy, Plaintiffs

16  request that the prosecution of any and all related actions and proceedings (including discovery)

17  by, on behalf of, or through any Sigma shareholders against any of the Defendants (excluding,

18  however, those proceedings within the Action necessary to obtain final approval of the Settlement

19  embodied in the Stipulation), should be enjoined and stayed during the pendency of these

20  Settlement proceedings and until further ordered by this Court.

21          Therefore, the Parties respectfully request that:

22          i.      the Court review the proposed Stipulation and that the Stipulation and the
                    Settlement contained therein be preliminarily approved by the Court as fair,
23                  reasonable, and adequate, entered into in good faith after consultation with
                    competent legal counsel (See [Proposed] Order Preliminarily Approving
24                  Settlement, attached hereto as Exhibit C);

25          ii.     the Court approve the form of Notice to Current Sigma Shareholders
                    attached hereto as Exhibit B, and order its dissemination to Sigma
26                  shareholders as provided in the Stipulation, so that the Court may obtain and
                    consider comments/objections of the shareholders, if any, regarding the
27                  Stipulation and the Settlement set forth therein and consider its fairness,
                    reasonableness, and adequacy;
28

ii.   the Court schedule a Settlement Hearing for final court approval, at which time (a) the parties will seek final approval of the terms of the Settlement, as defined in the Stipulation, to consider comments/objections regarding the Stipulation and the proposed Settlement set forth therein, and to consider its fairness, reasonableness, and adequacy under the provisions of the Federal Rules of Civil Procedure, and (b) Plaintiffs' Counsel will seek an award of attorneys' fees and expenses payable to Plaintiffs' Counsel in the amount of $2,250,000, the payment of which is agreed to by the Defendants as fair and reasonable in light of the common benefit created on behalf of Current Sigma Shareholders. Prior to the scheduled Settlement Hearing, Plaintiffs' Counsel will file a memorandum of law supporting final approval of the terms of the Settlement and approval of the attorneys' fees and expenses;

iv.   the Court enjoin and stay the commencement and/or prosecution of any and all actions and proceedings relating to the Actions (including discovery) by, on behalf of, or through any Current Sigma Shareholder against any of the Defendants (excluding, however, those proceedings within the Actions necessary to obtain final approval of the Settlement embodied in the Stipulation), during the pendency of this Settlement proceeding and until further ordered by this Court;

v.   should the Stipulation and the Settlement set forth therein not receive this Court's final approval, should final approval be reversed on appeal, or should the Stipulation and the Settlement set forth therein otherwise fail to become effective, the Settling Parties shall be returned for all purposes to the status that existed just prior to the execution of the Stipulation on May 28, 2008, and all claims and defenses, including the right to assert jurisdictional defenses, shall not be deemed to be waived, and the Stipulation, as well as any negotiations, proceedings, documents prepared and statements made in connection therewith, shall have no further force and effect with respect to the Settling Parties and shall not be used in the Actions or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, nunc pro tunc;

vi.   any Current Sigma Shareholder who timely and properly files the appropriate documentation or an objection to the Settlement, as provided in the Notice, may appear at the Settlement Hearing and articulate why the Settlement should not be approved as fair, reasonable, and adequate;

vi.   in due course, and after appropriate notice and hearing(s), final judgment be entered by the Court, approving the Settlement, and all terms thereof as provided in the Stipulation, and dismissing with prejudice the Federal Action as set forth in the Stipulation, under the terms and conditions of the Stipulation, against the Defendants (See [Proposed] Order and Final Judgment, attached hereto as Exhibit D);

viii.   the Court maintain continuing jurisdiction solely for purposes of the Settlement proceedings to assure the effectuation thereof for the benefit of the Settlement; and

ix.   the Court allow any such other relief that this Court deems appropriate.

1

## VI.   CONCLUSION

2          The Settlement achieved is a good result, given the risks and delays inherent in the Action,

3  and the complexity and expense if the case proceeded to trial.  Given the substantial benefit the

4  Settlement promises to Sigma and its shareholders, the Parties and their counsel respectfully

5  request that the Court preliminarily approve the proposed Settlement, direct the issuance of Notice

6  and schedule a fairness hearing to consider final approval of the Settlement.

7  Dated:  May 29, 2008                          BRAMSON, PLUTZIK, MAHLER &
                                                 BIRKHAEUSER, LLP
8

9                                                By:  _____/s/_____
                                                 Alan R. Plutzik (Bar No. 077785)
10                                               Robert M. Bramson (Bar No. 102006)
                                                 L. Timothy Fisher (Bar No. 191626)
11                                               2125 Oak Grove Road, Suite 120
                                                 Walnut Creek, CA 94598
12                                               Telephone:  (925) 945-0200
                                                 Facsimile:  (925) 945-8792
13
                                                 SCHIFFRIN BARROWAY TOPAZ &
14                                               KESSLER, LLP
                                                 Eric L. Zagar
15                                               Robin Winchester
                                                 J. Daniel Albert
16                                               280 King of Prussia Road
                                                 Radnor, PA  19087
17                                               Telephone: (610) 667-7706
                                                 Facsimile: (610) 667-7056
18
                                                 Attorneys for Plaintiff Robert Carlson
19
    Dated: May 29, 2008                          WILSON SONSINI GOODRICH & ROSATI
20                                                 Professional Corporation

21

22                                               By:_____/s/_____
                                                 Boris Feldman (Bar No. 128838)
23                                               Peri Nielsen (Bar No. 196781)
                                                 Gwen C. Parker (Bar No. 228780)
24                                               Freeda Y. Lugo (Bar No. 244913)
                                                 650 Page Mill Road
25                                               Palo Alto, CA 94304-1050
                                                 Telephone: (650) 493-9300
26                                               Facsimile: (650) 565-5100

27                                               Attorneys for Defendants

28