| | |
|---|---|
| BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP<br>Alan R. Plutzik (Bar No. 077785)<br>Robert M. Bramson (Bar No. 102006)<br>L. Timothy Fisher (Bar No. 191626)<br>2125 Oak Grove Road, Suite 120<br>Walnut Creek, California 94598<br>Telephone: (925) 945-0200<br>Facsimile: (925) 945-8792<br><br>SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP<br>Eric Zagar<br>Robin Winchester<br>J. Daniel Albert<br>280 King of Prussia Road<br>Radnor, PA 19087<br>Telephone: (610) 667-7706<br>Facsimile: (61)) 667-7056<br><br>Attorneys for Plaintiff Robert Carlson<br><br>Additional Counsel Listed on Signature Page | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>Boris Feldman (Bar No. 128838)<br>Peri Nielsen (Bar No. 196781)<br>Gwen C. Parker (Bar No. 228780)<br>Freeda Y. Lugo (Bar No. 244913)<br>650 Page Mill Road<br>Palo Alto, California 94304<br>Telephone: (650) 493-9300<br>Facsimile: (650) 565-5500<br><br>Attorneys for Defendants Thinh Q. Tran, Silvio Perich, Q. Binh Trinh, Jacques Martinella, Prem Talreja, William K. Wong, Kit Tsui, Kenneth A. Lowe, Julien Nguyen, William J. Almon, Lung C. Tsai and Nominal Defendant Sigma Designs, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

*E-FILED 09/15/08*

| | |
|---|---|
| IN RE SIGMA DESIGNS, INC. DERIVATIVE LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | CASE NO.: C 06-04460 RMW<br><br>xxxxxxxxxxxxxx **ORDER AND FINAL JUDGMENT** |

1  WHEREAS, this matter having come before the Court for final approval of the proposed
2  settlement of this action;

3  WHEREAS, the parties to the above-captioned action (the "Federal Action") entered into
4  a Stipulation of Settlement dated as of May 28, 2008 (the "Stipulation"), and have applied to this
5  Court for final approval of the settlement provided for therein (the "Settlement") pursuant to
6  Rule 23.1 of the Federal Rules of Civil Procedure ("Rule 23.1");

7  WHEREAS, on June 24, 2008, this Court entered a Preliminary Approval Order
8  ("Preliminary Order"), preliminarily approving the Settlement and requiring notice to
9  shareholders of Sigma Designs, Inc. ("Sigma" or the "Company"), who held shares of Sigma
10 common stock on May 28, 2008, by filing notice with the Securities and Exchange Commission
11 as a Current Report on Form 8-K and by issuing a press release informing Sigma's shareholders
12 of the notice;

13 WHEREAS, the Preliminary Order set a hearing for August 8, 2008, to determine
14 whether:

15  (i)   the Plaintiffs fairly and adequately represents the interests of the shareholders in
16 enforcing the right of the Company;

17  (ii)  the proposed Settlement should be approved as fair, reasonable and adequate;

18  (iii) final judgment should be entered thereon dismissing the Federal Action with
19 prejudice; and

20  (iv)  whether Plaintiffs' Counsels' Fee and Expense Award should be approved;

21 WHEREAS, notice has been provided to shareholders of Sigma in compliance with the
22 Preliminary Order; and

23 WHEREAS, in accordance with the Preliminary Order and the notice described therein, a
24 hearing was held on August 8, 2008, all interested parties were afforded an opportunity to be
25 heard, and the Court made certain findings of fact and conclusions of law, as set forth in the
26 transcript of that hearing;

27 NOW, THEREFORE, it is ORDERED, ADJUDGED AND DECREED pursuant to Rule
28 23.1 that:

1.  The terms and definitions employed in the Stipulation are incorporated by reference and adopted herein.

2.  This Court has jurisdiction over the subject matter of the Federal Action, over all parties to the Federal Action and over those persons and entities that objected to the Settlement.

3.  The Settlement of the Federal Action is, in all respects, fair, reasonable and adequate, is in accordance with Rule 23.1 and is in the best interest of Sigma and its shareholders and should be approved. Accordingly, the Stipulation and Settlement are hereby approved.

4.  The notice provided for in the Preliminary Order constitutes the best notice practicable under the circumstances and is in full compliance with the notice requirements of due process and Rule 23.1.

5.  The First Amended Consolidated Verified Shareholder Derivative Complaint filed in the Federal Action is hereby dismissed in its entirety, with prejudice and without costs to any party, other than as set forth in the Stipulation and this Order and Final Judgment.

6.  The Court hereby approves the release provisions of the Stipulation in favor of the Individual Defendants and others, and directs that, in consideration of the terms and conditions of the Stipulation, upon the Effective Date, Plaintiffs and any other present shareholders of the Company (claiming by, through, in the right of, or on behalf of the Company), and the Company (or any person claiming by, through, in the right of, or on behalf of the Company, by subrogation, assignment or otherwise) fully, finally and forever release, relinquish and discharge all Released Claims which could have been asserted in the Actions against the Released Persons and the Related Parties, including the claims made derivatively on behalf of Sigma in *Korsinsky v. Tran, et al.*, Case No. 1-06-cv-069747 that is currently pending in the California Superior Court, County of Santa Clara (the "State Action").

7.  The Court hereby approves the release provisions of the Stipulation in favor of Plaintiffs and others, and directs that, in consideration of the terms and conditions of the Stipulation, upon the Effective Date, each of the Defendants, the Released Persons and the Related Parties, fully, finally and forever release, relinquish and discharge Plaintiffs and their

counsel from all claims arising out of, or relating to or in connection with, their institution, prosecution, assertion or resolution of the Federal Action or the Released Claims.

8. The Court hereby approves the parties' (i) acknowledgment that after the signing of the Stipulation they may discover facts in addition to or different from those which they then know or believe to be true and their agreement that, in such event, the releases set forth above shall nonetheless remain effective in all respects; and (ii) waiver of any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

9. Sigma has adopted or will adopt certain additional corporate governance measures set forth in the Stipulation. Notwithstanding the foregoing, in no event shall Sigma be obligated to adopt, implement or enforce any measures that, either now or in the future, conflict with or are otherwise inconsistent with any NASDAQ National Market listing requirements, the listing requirements of any exchange on which its stock is traded, any regulations of the Securities and Exchange Commission or any applicable law.

10. Plaintiffs' Counsel are hereby awarded attorneys' fees and expenses in the amount of $ 2,250,000 , with such payment to be made in accordance with the terms of the Stipulation.

11. This Order and Final Judgment, the Stipulation, all exhibits thereto, and any and all negotiations, papers, writings, statements and/or proceedings related to the Settlement are not, and shall not in any way be used or construed as (a) an admission, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Individual Defendants; or (b) an admission of, or evidence of, any fault or omission of any of the Individual Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or this Order and Final Judgment, except that the Defendants may file the Stipulation and/or the Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral

estoppel, release, good faith settlement, judgment reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, including but not limited to the State Action.

12. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, including effectuating the release of claims in related proceedings such as the State Action and all parties hereto submit to the jurisdiction of the Court for the purposes of implementing and enforcing the Settlement embodied in the Stipulation.

13. In the event that the Effective Date does not occur in accordance with the terms of the Stipulation, including effectuating the release of claims in related proceedings such as the State Action this Order and Final Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

SO ORDERED.

Dated: 09/15/08

_____
The Honorable Ronald M. Whyte
United States District Court Judge